### In re CLOVERDALE CREAMERY CO.

### COLLINS BROS. ICE CREAM CO. v. MAREMONT.

(Circuit Court of Appeals, Seventh Circuit. January 11, 1918. Rehearing Denied Feb. 19, 1918.)

No. 2555.

BANKRUPTCY ⬮345—PRIORITY OF LIEN—TRUST DEED.

A creditor of a bankrupt corporation, which obtained a trust deed upon its property, expressly subject to a prior trust deed executed to secure the claims of other creditors, and which was delivered upon the condition and with the understanding that nothing was to be paid

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereon until all the claims of other creditors were satisfied, thereby made its lien subordinate to the claims of bankrupt's other creditors, irrespective of the validity of the first trust deed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Cloverdale Creamery Company, bankrupt; Leo S. Maremont, trustee. The Collins Bros. Ice Cream Company appeal to review an order holding the lien of a trust deed to appellant subordinate to the claims of other creditors. Affirmed.

Wm. A. Bowles, of Chicago, Ill., for appellant.

Henry S. Blum, of Chicago, Ill., for appellee.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. The bankrupt, an Illinois corporation, executed a trust deed, covering all of its real estate, to a trustee to secure certain creditors whose claims aggregated $90,000. A note calling for payment "on or before five years from date" was also given by the bankrupt as a part of the same transaction. Later bankrupt executed a second trust deed, covering the same property, running to appellant, to secure payment of $28,750, which sum appellant claims was due it. Concerning these two trust deeds, the referee found as follows:

"About the 19th day of July, 1915, the bankrupt company, being embarrassed financially, called a meeting of its creditors and at such meeting a committee of creditors was appointed, and pursuant to arrangements made at such meeting, a trust deed for the sum of $90,000, an amount then deemed necessary to liquidate all the liabilities of the Cloverdale Company, was executed. This trust deed was made * * * to secure a note due on or before five years. * * * Shortly after the execution of this trust deed for the sum of $90,000, the trust deed for the sum of $28,750 was executed, delivered and recorded. The trust deed for $28,750 delivered to Collins Bros. Company was expressly by its terms made subject to the payment of the trust deed for the sum of $90,000, and was delivered upon the condition and with the understanding that nothing was to be paid thereon until all the claims of the creditors of the Cloverdale Creamery Company were satisfied."

Appellant's contention is that at least part of the creditors whose claims were secured by the first trust deed never accepted the security, but in repudiation thereof filed an involuntary petition in bankruptcy against the Cloverdale Creamery Company, and later presented their claims against the bankrupt estate. Appellant's position is that its second lien became a first lien through failure of the creditors to accept the security represented by the first trust deed.

The basis of appellant's contention—that the creditors never accepted the security represented by the first trust deed, but instead thereof threw the debtor into bankruptcy—finds no support in the findings or conclusions of the referee. The evidence, upon which the referee's findings were based, is not preserved, and there is nothing to justify us in assuming that the creditors did not accept the trust deed executed for their benefit or that any of them joined in a petition to have the debtor adjudged a bankrupt.

The decree should be affirmed, for the additional reason that appellant's trust deed "was delivered upon the condition and with the understanding that nothing was to be paid thereon until all the claims of the creditors * * * were satisfied." Irrespective of the validity of the first trust deed, appellant's lien was (under this finding) made subordinate to the claims of the bankrupt's other creditors.

The decree is affirmed, but without prejudice to appellant's right to assert its demand as an unsecured claim, and its allowance, if proved.